IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **ROBERT F. WORTHINGTON, JR.** ) | Case No. 09-33082 |
| ) | |
| Debtor, ) | Chapter 7 |
| ) | |

## OBJECTION TO THE NOTICE OF SALE

COMES Branch Banking and Trust Company ("BB&T"), by and through counsel, and pursuant to Bankruptcy Rule 6004(b) files this objection to the sale of the Debtor's 1/3 ownership interest in Quarry Bank, LLC and in support of its objection would show the Court as follows:

1. The Debtor listed a 1/3 ownership interest in Quarry Bank, LLC on Schedule B – Personal Property.

2. On August 5, 2010, Dean B. Farmer, Trustee, filed a Notice of Sale indicating his intention to sale the Debtor's interest in Quarry Bank to Michael Kinnard and Michael Farry, both of whom respectively own a 1/3 interest in Quarry Bank, LLC.

3. However, the Trustee's Notice of Sale is in fact no sale at all. The Trustee's proposal is nothing more than an absolute assignment of the Estate's interest in the Debtor's 1/3 interest in Quarry Bank without any absolute obligation on the proposed buyers. The Notice of Sale states that "the interest will be conveyed with the agreement that upon the sale of Quarry Bank, LLC in the amount of $550,000.00, the Estate's potential interest of $183,333.33 will be escrowed with the determination to be made as to whether any portion of that should be applied to debts of creditors of Quarry Bank, LLC." Under the Trustee's proposed agreement, the buyers

receive the Debtor's interest in Quarry Bank, LLC without any payments or promises to pay received by the Estate in return.

4. Additionally, BB&T is aware that Quarry Bank, LLC is the holder of a convertible promissory note from Cataloochee Companies, LLC in the amount of $1,500,000 (attached hereto as Exhibit "A"), and another note from Simon Land Company, LLC in the amount of $520,000 (attached hereto as Exhibit "B"). Moreover, the Trustee's Notice of Sale states that Quarry Bank, LLC has indebtedness in the approximate amount of $362, 833.56; however, neither Quarry Bank nor the Debtor has ever produced any evidence of said indebtedness. Consequently, the value of Quarry Bank, LLC, at least on paper, is substantially higher than the Trustee's proposed purchase price and the interest of the Estate should not be transferred without some protective measures.

5. It is BB&T's position that the Debtor's 1/3 interest in Quarry Bank, LLC is of value to the Estate and should not be sold or assigned without receiving adequate value in return.

WHEREFORE, BB&T hereby requests that this Court deny the Trustee's request to sale the Debtor's interest in Quarry Bank to Michael Kinnard and Michael Farry.

Respectfully submitted this \_\_\_\_ day of August, 2010.

/s/ George F. Legg
George F. Legg, (BPR #000421)

STONE & HINDS, P.C.
507 Gay Street, S.W., Suite 700
Knoxville, Tennessee 37902
(865) 546-6321
Attorneys for Creditor,
Branch Banking and Trust Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Objection to the Notice of Sale has been sent to Thomas Lynn Tarpy, Attorney for Debtors, Dean Farmer, Trustee, John K. King, Lewis, King, Krieg & Waldrop, P.C., D. Scott Hurley, The Hurley Law Firm, P.C. and Patti Foster, Attorney for U.S. Trustee electronically by ECF, on this the _____ day of AugustAugust, 2010.

/s/George F. Legg
George F. Legg